# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ROVER PIPELINE LLC<br><br>                      Petitioner,<br><br>    v.<br><br>FEDERAL ENERGY<br>REGULATORY COMMISSION,<br><br>                      Respondent. | Case No. 18-1032 |

## UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE

Rover Pipeline LLC ("Rover") hereby moves to hold the above-captioned proceeding in abeyance, pending the outcome of additional proceedings before the Federal Energy Regulatory Commission ("the Commission") that may affect the issues raised on appeal.[1] Counsel for the Commission have informed counsel for Rover that they do not oppose this motion.[2]

Rover petitioned this Court for review of the following Commission orders on January 31, 2018: *Rover Pipeline LLC*, 158 FERC ¶ 61,109 (Feb. 2, 2017); *Rover Pipeline LLC*, 161 FERC ¶ 61,244 (Nov. 30, 2017). In those orders, the Commission denied Rover's request for a blanket certificate under Part 157, Subpart F, of the

---

[1] Rover submits this unopposed motion pursuant to Federal Rule of Appellate Procedure 27 and District of Columbia Circuit Rule 27.

[2] Rover and the Commission both reserve the right to file procedural or dispositive motions in this proceeding in the future as appropriate.

Commission's regulations, 18 C.F.R. § 157.204. The Commission's denial of the blanket certificate stems from a dispute over whether Rover improperly removed a 175 year old house outside of the pipeline's construction right-of-way. *Rover Pipeline LLC*, 161 FERC ¶ 61,244 at P 1 (Nov. 30, 2017).

This Court possesses the inherent power to hold a pending appeal in abeyance. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court has repeatedly exercised that power by holding cases in abeyance while other proceedings that may affect the issues raised on appeal were pending. *See, e.g.*, *Canadian Ass'n of Petroleum Producers v. FERC*, 308 F.3d 11, 14 (D.C. Cir. 2002) (noting that the court held briefing in abeyance "pending [its] disposition of . . . a related petition"); *Westphal v. U.S. Dep't of Commerce*, 18 F.3d 950, 951 (D.C. Cir. 1994) ("The motion was held in abeyance pending disposition of a case raising related issues, which was then under consideration by the court." (citation omitted)).

That is the circumstance here. There remain proceedings currently pending at the Commission that relate to issues raised on appeal here, including concerning the removal of the 175 year old house. Because the resolution of these related

proceedings may affect issues raised in this appeal, Rover respectfully requests that the Court hold this proceeding in abeyance. An abeyance will not prejudice the parties and will promote administrative efficiency and help the parties and the Court conserve time and effort.

Accordingly, this proceeding should be held in abeyance pending the outcome of the proceedings currently pending at the Commission.

Rover will file a status report every 90 days updating the Court on the status of the related proceedings and this appeal.

Respectfully submitted,

 /s/ William S. Scherman

William S. Scherman
Jason J. Fleischer
Ruth M. Porter
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com
jfleischer@gibsondunn.com
rporter@gibsondunn.com

*Attorneys for Rover Pipeline LLC*

February 28, 2018

**Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 484 words, as determined by the word-count function of Microsoft Word.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

  /s/ William S. Scherman

William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com

*Attorney for Rover Pipeline LLC*

February 28, 2018

# CERTIFICATE AS TO PARTIES AND AMICI

Rover Pipeline LLC ("Rover") hereby certifies the following pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A):

The parties to the action before this Court are Petitioner, Rover, and Respondent, the Federal Energy Regulatory Commission ("FERC"). Rover is a limited liability company formed for the purpose of construction and operating the Rover Pipeline. Rover submitted a Corporate Disclosure Statement with its petition for review on January 29, 2018. There are no intervenors or amici at this time.

The original parties to the proceeding before FERC in Docket CP15-93 were Rover and FERC. The following entities and individuals intervened as parties in that proceeding: Consumers Energy Company; Clinton Stahler; David Daniel; Michigan Public Service Commission; Heartwood; FreshWater Accountability Project et al.; Allegheny Defense Project; Ohio Valley Environmental Coalition; NJR Energy Services Company; IOGA of West Virginia; Harrington, Hoppe & Mitchell, Ltd.; Emens & Wolper Law Firm; Douglas Utz; Antero Resources Corporation; Stearns & Hammer; Lena Holzworth; Wright & Talisman, PC; Judy Kaylor; Gary Lehman; EQT Energy, LLC; Murray Energy Corporation; Gary Hummel; FirstEnergy Service Company; Putnam Township; Mark Amicone; STC Holdings, LLC; Stark Truss Company, Inc.; Yoder Florida, LLC; V K S Farms, L.L.C.; Kurt Roy-Borland; Rice Energy Marketing LLC; Vector Pipeline L. P.;

ROBINSON & MCELWEE; Michael Boyce; Esther Boyce; David Morton; Dave Baumberger; SWN Energy Services Company, LLC; Larry Helmick; Sequent Energy Management, L.P.; Frank Munsell; Range Resources-Appalachia, LLC; OHIO FARM BUREAU FEDERATION, INC.; International Transmission Company; Michigan Electric Transmission Company, LLC; The East Ohio Gas Company, d/b/a Dominion East Ohio; Old Wilson Farm Land Trust; Marijan Grogoza; Janet Grogoza; Jeff Grogoza; Dale Markowitz; Columbia Gas Transmission, LLC; JD Stillwater, Ann Stillwater & Barbara Dewey; Terrence Lahr; Marshall Land LLC; Benjamin Polasek; and ConocoPhillips Company. There were no amici in that proceeding.

The original parties to the proceeding before FERC in Docket CP15-94 were Panhandle Eastern Pipe Line Company, LP and FERC. The following entities and individuals intervened as parties in that proceeding: Consumers Energy Company; Missouri Public Service Commission; Indiana Gas Company, Inc. d/b/a Vectren Energy Delivery of Indiana, Inc.; Vectren Energy Delivery of Ohio, Inc.; Heartwood; FreshWater Accountability Project et al.; Ohio Valley Environmental Coalition; NJR Energy Services Company; IOGA of West Virginia; DTE Gas Company; FirstEnergy Service Company; Chevron U.S.A. Inc.; Anadarko Energy Services Company; EQT Energy, LLC; Exelon Corporation; ConocoPhillips Company; SWN Energy Services Company, LLC; ConocoPhillips Company;

Vector Pipeline L. P.; Columbia Gas of Ohio, Inc.; Sequent Energy Management, L.P.; The East Ohio Gas Company, d/b/a Dominion East Ohio; Old Wilson Farm Land Trust; LACLEDE GAS COMPANY. There were no amici in that proceeding.

The original parties to the proceeding before FERC in Docket CP15-96 were Trunkline Gas Company, LLC and FERC. The following entities and individuals intervened as parties in that proceeding: Consumers Energy Company; Tennessee Valley Authority; Missouri Public Service Commission; Heartwood; FreshWater Accountability Project et al.; Allegheny Defense Project; Ohio Valley Environmental Coalition; NJR Energy Services Company; Chevron U.S.A. Inc.; Michigan Public Service Commission; DTE Gas Company; FirstEnergy Service Company; EQT Energy, LLC; Exelon Corporation; SWN Energy Services Company, LLC; Vector Pipeline L. P.; Columbia Gas of Ohio, Inc.; Sequent Energy Management, L.P.; The East Ohio Gas Company, d/b/a Dominion East Ohio; Old Wilson Farm Land Trust; LACLEDE GAS COMPANY.

Respectfully submitted,

 /s/ William S. Scherman  
William S. Scherman  
GIBSON, DUNN & CRUTCHER LLP  
1050 Connecticut Avenue, N.W.  
Washington, D.C. 20036  
(202) 955-8500  
wscherman@gibsondunn.com  
*Attorney for Rover Pipeline LLC*

February 28, 2018

## Certificate of Service

I hereby certify that on this 28th day of February, I caused a copy of the foregoing Unopposed Motion to Hold Appeal in Abeyance to be served with the Clerk of the Court via the Court's CM/ECF filing system. Service on participants in the case who are registered CM/ECF users will be accomplished by the appellate CM/ECF system. A copy of the foregoing Unopposed Motion to Hold Appeal in Abeyance will also be served on the following via first-class mail:

> Honorable Kimberly D. Bose
> Secretary
> Federal Energy Regulatory Commission
> 888 First Street, N.E.
> Washington D.C. 20426
>
> Robert Solomon
> Solicitor
> Federal Energy Regulatory Commission
> 888 First Street, N.E.
> Washington D.C. 20426

          /s/ William S. Scherman

William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com

*Attorney for Rover Pipeline LLC*